JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Vanessa Bines

## DEFENDANTS
Sheriff Jewell Williams & Paris Washington & The City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Zeff Law Firm, LLC          P: 856-778-9700
100 Century Parkway, STE 305     F: 856-702-6640
Mount Laurel, NJ 08054        E: gzeff@glzefflaw.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983 (Title VII)
Brief description of cause: Title VII Sex Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 10/5/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 109 West Huntingdon Street Philadelphia, PA 19133

Address of Defendant: One Parkway, 14th Floor, 1515 Arch Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

RELATED CASE. IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Gregg L. Zeff, Esq., counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 10-5-17 _____  52648
              Attorney-at-Law         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10-5-17 _____  52648
              Attorney-at-Law         Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Vanessa Bines : CIVIL ACTION
v. :
Sheriff Jewell Williams, et al. :
: NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( x )

10-5-17      Attorney-at-law      Vanessa Bines /Plaintiff
**Date**           **Attorney for**

856-778-9700      856-702-6640      gzeff@glzefflaw.com
**Telephone**      **FAX Number**      **E-Mail Address**

(Civ. 660) 10/02

# Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

ZEFF LAW FIRM, LLC
Gregg L. Zeff, Esquire
Eva Zelson, Esquire
100 Century Parkway, Suite 305
Mt. Laurel, NJ 08054
(856) 778-9700

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Vanessa Bines<br>109 West Huntingdon Street<br>Philadelphia, PA 19133<br><br>*Plaintiff,*<br><br>v.<br><br>Sherriff Jewell Williams<br>One Parkway, 14th Floor, 1515 Arch Street,<br>Philadelphia, PA 19102<br><br><br>Staff Inspector Sherriff Paris Washington,<br>One Parkway, 14th Floor, 1515 Arch Street,<br>Philadelphia, PA 19102<br><br><br>City of Philadelphia<br>One Parkway, 14th Floor, 1515 Arch Street,<br>Philadelphia, PA 19102<br><br>*Defendants.* | CIVIL ACTION<br><br>No.<br><br><br><br>JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff Vanessa Bines, by and through her attorneys, Zeff Law Firm, LLC, hereby brings this Complaint against the above-named Defendants.

## JURISDICTION AND VENUE

1. The District Courts have original jurisdiction over this matter pursuant to 28 U.S.C. §1331.

2. Venue is appropriately laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

3. Jurisdiction lies over state law claims based on the principles of supplemental jurisdiction, as codified in 28 U.S.C. § 1367.

4. The amount of controversy exceeds One Hundred Thousand ($100,000.00) Dollars exclusive of interest and costs.

5. Plaintiff has exhausted her administrative remedies, accordingly Plaintiff received a Right to Sue Letter from the EEOC on July 12, 2017. This Complaint is being filed within 90 days of receipt of that letter.

## PARTIES

6. Plaintiff Vanessa Bines, is an adult individual, residing at 109 West Huntingdon Street, Philadelphia, PA 19133. At all times relevant herein Plaintiff was an administrator for the City of Philadelphia's Sheriff's Department.

7. Defendant, Sherriff Jewell Williams, is the Sheriff of the City of Philadelphia and at all times relevant herein he was the Sheriff of the City of Philadelphia. Defendant is sued in Defendant's individual and official capacity

8. Defendant, Staff Inspector Paris Washington, is a Deputy Sheriff of the City of Philadelphia and at all times relevant herein he was a Deputy Sheriff and the Staff Inspector of the City of Philadelphia's Sheriff's Department. Defendant is sued in Defendant's individual and official capacity

9. Defendant City of Philadelphia (hereinafter "Defendant City") was at all times relevant hereto a municipality with offices located at One Parkway, 14th Floor, 1515 Arch Street, Philadelphia, PA 19102.

10. Plaintiff and the named individual Defendants are employees of the City of Philadelphia. Plaintiff and the named individual Defendants work specifically in the City of Philadelphia's Sheriff's Department ("The Sheriff's Department"). The Sheriff's Department is the city's law enforcement agency "responsible for providing safety to all that enter Philadelphia courtrooms including, judges, juries, defendants, witnesses, courtroom personnel and the public. It is also responsible for managing all First Judicial Court ordered foreclosures of property - that includes mortgage and tax sales, in an ethical, honest, transparent and respectful manner while offering dignity to all involved in the procedure."

## FACTS

11. In or around 2012 Plaintiff began working in the Sheriff's Department as a temporary Administrative Assistant. Approximately, six months later she became a contract Clerical Assistant. In or around 2013 Plaintiff became an Administrative Assistant and a full-time exempt employee of the City of Philadelphia.

12. From 2013 through the spring of 2015 Defendant, Sherriff Jewell Williams, ("Sherriff Williams") showed a romantic interest in Plaintiff. Although Sherriff Williams did not need to, he would often hang around Plaintiff's desk. Sherriff Williams did not hang around any of the other administrator's desk. Additionally, Sherriff Williams invited Plaintiff to expensive dinners after work.

13. In or around 2014 Staff Inspector Paris Washington ("Inspector Washington") began sexually harassing Plaintiff. Inspector Washington would make inappropriate comments to Plaintiff in front of their co-workers. On one occasion, Inspector Washington told Plaintiff "[he] want[ed] to know what [she] had between [her] legs." On another occasion, (in or around 2015) Plaintiff lost her cellular phone and asked a co-worker to call it so that she could find it. When her phone was called Inspector Washington answered her phone and told Plaintiff's co-worker that if she was looking for Plaintiff "[Plaintiff] was with him on her knees." Plaintiff reported this directly to Sherriff Williams.

14. However, shortly thereafter Sherriff Williams also began making sexually harassing comments to Plaintiff. In or around June 2014, while Plaintiff was at the water cooler Sherriff Williams said to Plaintiff "you know what they say about guys with big feet" referencing the size of his genitalia.

15. On another occasion Sherriff Williams commented to Plaintiff's co-workers that "[he] wondered if [Plaintiff] had those spots down there" referring to Plaintiff's genitalia; because Plaintiff suffers from Vitiligo; which is a disease that causes the loss of skin color in blotches.

16. In or around December of 2014 Sherriff Williams took Plaintiff to the City's District Attorney's Holiday Party.

17. In or around April of 2015 Plaintiff became intimate with the Deputy Sheriff that was Sherriff Williams's driver. Subsequently, Sherriff Williams gained knowledge of Plaintiff being intimate with his driver and immediately shared this information with multiple people within the Sheriff's Department.

18. Consequently, Sherriff Williams's and Inspector Washington's sexual harassment of Plaintiff increased significantly. Sherriff Williams told Inspector Washington to "fuck with [Plaintiff]."

19. Going forward, Inspector Washington's harassment of Plaintiff became much more prevalent. Inspector Washington began monitoring Plaintiff more closely than any other employee. He would watch her on camera and scrutinize her time sheet. Inspector Washington was noticeably treating Plaintiff differently than he treated other employees.

20. Plaintiff attempted to overlook Sherriff Williams's and Inspector Washington's harassment because she feared losing her job. However, the harassment did not subside. Sherriff Williams smeared Plaintiff's name calling her a "home wrecker" and a "whore" to Plaintiff's co-workers.

21. Eventually, Sherriff Williams stopped communicating with Plaintiff all together. Still, Inspector Washington continued to torment Plaintiff.

22. In May of 2016 Plaintiff reported Inspector Washington to the City's Equal Employment Opportunity Office ("EEO"). In October of 2016 after the EEO findings came back Plaintiff was asked to train another person how to do Plaintiff's job. Shortly, thereafter Plaintiff took vacation time just so that she did not have to be around Inspector Washington or at work in a stressful environment.

23. In or around December 2016 Plaintiff was diagnosed with depression and insomnia, as a result of the harassment she endured while working in the Sheriff's Department. From the end of 2016 through January 2017 Plaintiff took medical leave so that she could have some time to manage her depression and insomnia.

24. In February of 2017 Inspector Washington's friend (a Philadelphia Police Captain) contacted Plaintiff's landlord in an attempt to have her evicted from her home and terminated from the Sheriff's Department.

25. Subsequently, in the spring of 2017 Plaintiff filed employment discrimination charges against Defendants with the Equal Employment Opportunity Commission ("EEOC").

26. Thereafter, Sheriff Williams threatened Plaintiff's job. Sheriff Williams told his deputy sheriff and driver that "[Plaintiff] will go if [he] goes regardless of her EEOC complaint" suggesting that Plaintiff would be fired.

27. Defendant City, at the time Plaintiff was sexually harassed and for many prior years has had a well settled practice of sexual harassment pervading its departments. See, Vandegrift v. City of Philadelphia, No, 16-2999 (Opinion of the Honorable Mark A. Kearney, 1/11/17.)

28. Among other things, Defendant City and its Sheriff's Department maintains a grossly sexist culture in which male employees who engaged in sexual conduct are protected.

29. Among other things, Defendant City and its Sheriff's Department's culture, policies and practices protect sexual harassers.

30. Among other things, Defendant City and its Sheriff's Department retaliates against female employees that make complaints about being sexually harassed.

31. The Defendant City's well settled practice of sexual harassment, empowered and permitted Sherriff Williams and Inspector Washington to reasonably believe that they could use their official capacities, badges and the color of law to sexually harass Plaintiff with impunity.

32. Defendant City's policymakers were deliberately indifference to the well settled practice of sexual harassment pervading its Departments, particularly its law enforcement agencies.

33. Defendant City's policymakers knew or should have known that proper training and discipline of sexual offenders within its Departments and law enforcement agencies would have protected Plaintiff and other female employees of the city from unlawful sexual harassment by officers.
34. Defendant City's policymakers were deliberately indifferent to need for proper training and discipline of officers regrading sexual harassment and abuse.
35. Plaintiff has suffered and continues to suffer physical, emotional, developmental, financial, psychological, and/or psychiatric harm due to these actions.
36. In addition to Defendants' appalling actions described above, in or around the spring of 2017 Plaintiff reported to ethics and the city controller that Inspector Washington was illegally being paid twice to notarize documents (unbeknownst to the City). Plaintiff's report lead to an investigation of Inspector Washington. Consequently, Inspector Washington was prohibited from notarizing documents.
37. On or around June 7, 2017 Plaintiff applied to become a permanent administrator for the City of Philadelphia. Plaintiff's application was denied. Defendants alleged Plaintiff was not qualified for the position she applied for; even though, Plaintiff has already been in the positon performing the job duties required for the position for the past five years. Plaintiff has reason to believe the denial of her application was in retaliation for her reports to, the EEO, EEOC, Ethics Department and City Controller.

## COUNT ONE
## 42 Pa.C.S. § 1421, *et seq.*
## **PENNSYLVANIA WHISTLEBLOWER LAW**

38. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.
39. The Pennsylvania Whistleblower Law, 42 Pa.C.S. § 1421, *et seq.* prevents a public employer from disciplining or firing an employee who makes a good faith report or is about to report, verbally or in writing, to the employer or appropriate authority, an instance of wrongdoing or waste.

40. Plaintiff is an employee of a public agency, which receives the majority of its funding from the government.

41. Plaintiff was ultimately denied a permanent employment opportunity, because she made a good faith report and/or was about to report, verbally or in writing, to the employer and/or appropriate authority, an instance of wrongdoing or waste.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award:

(A)     Compensatory damages in an amount to be proven at trial;

(B)     Any actual damages incurred by Plaintiff;

(C)     Costs of litigation and reasonable attorney's fees; and

(D)     Any other remedy the Court finds to be just.

## COUNT TWO
## CONSPIRACY
### Plaintiff v. Sheriff Williams & Inspector Washington

42. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

43. Defendants Sheriff Williams and Inspector Washington combined to unlawfully interfere with Plaintiff's prospective and existing contracts.

WHEREFORE, Plaintiff respectfully requests this Honorable Court award:

(A) Compensatory damages in an amount to be proven at trial;

(B) Any actual damages incurred by Plaintiff;

(C) Costs of litigation and reasonable attorney's fees; and

(D) Any other remedy the Court finds to be just.

# COUNT THREE
## PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. § 951-963, *et seq.*, SEXUAL HARASSMENT

44. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

45. Defendants have violated the Pennsylvania Human Relations Act, 43 P.S. § 951-963, *et seq.*, by sexually harassing Plaintiff as described in the facts above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(A) Award Plaintiff injunctive relief, declaratory relief, and compensatory damages including but not limited to pain and suffering, past economic loss, future economic loss, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B) Award reasonable costs and attorney's fees;

(C) Award punitive damages;

(D) Grant any other relief that this Court deems just and proper under the circumstances.

# COUNT FOUR
## PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. § 951-963, *et seq.*, SEXUALLY HOSTILE WORK ENVIRONMENT

46. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

47. Defendants have violated the Pennsylvania Human Relations Act, 43 P.S. § 951-963, *et seq.*, by creating a sexually hostile work environment for Plaintiff, as described in the preceding paragraphs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(E) Award Plaintiff injunctive relief, declaratory relief, and compensatory damages including but not limited to pain and suffering, past economic loss, future economic loss, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(F) Award reasonable costs and attorney's fees;

(G) Award punitive damages;

(H) Grant any other relief that this Court deems just and proper under the circumstances.

## COUNT FIVE
## PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. § 951-963, *et seq.*, RETALIATION

48. Plaintiffs incorporate the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

49. Defendant has violated the Pennsylvania Human Relations Act, 43 P.S. § 951-963, *et seq.*, by retaliating against Plaintiff after she made complaints to the EEOC, EEOC, Ethics Department, and City Controller by denying her application for permeant employment amongst other actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(A) Award Plaintiff injunctive relief, declaratory relief, and compensatory damages including but not limited to pain and suffering, past economic loss, future economic loss, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B) Award reasonable costs and attorney's fees;

(C) Award punitive damages;

Grant any other relief that this Court deems just and proper under the circumstances.

## COUNT SIX
## Philadelphia Fair Practices Ordinance, 9 Phila. Code § 1101 *et seq.*
## SEXUAL HARASSMENT

50. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

51. Defendants have violated 9 Phila. Code § 1101 *et seq.* by sexually harassing Plaintiff, as described in the preceding paragraphs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(A) Award Plaintiff injunctive relief, declaratory relief, and compensatory damages including but not limited to pain and suffering, past economic loss, future economic loss, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B) Award reasonable costs and attorney's fees;

(C) Award punitive damages;

(D) Grant any other relief that this Court deems just and proper under the circumstances.

## COUNT SEVEN
## Philadelphia Fair Practices Ordinance, 9 Phila. Code § 1101 *et seq.*
## SEXUALLY HOSTILE WORK ENVIRONMENT

52. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

53. Defendants have violated 9 Phila. Code § 1101 *et seq.* by creating a sexually hostile work environment for Plaintiff, as described in the preceding paragraphs.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(A) Award Plaintiff injunctive relief, declaratory relief, and compensatory damages including but not limited to pain and suffering, past economic loss, future economic loss, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B)     Award reasonable costs and attorney's fees;

(C)     Award punitive damages;

(D)     Grant any other relief that this Court deems just and proper under the circumstances.

### COUNT EIGHT
### Philadelphia Fair Practices Ordinance, 9 Phila. Code § 1101 *et seq.*
### RETALIATION

54. Plaintiff incorporates the preceding paragraphs of this Complaint, as if the same were set forth herein at length.

55. Defendants have violated the Philadelphia Fair Practices Ordinance, 9 Phila. Code § 1101 *et seq.*, by retaliating against Plaintiff after she made complaints, to the EEOC, EEOC, Ethics Department, and City Controller by denying her application for permeant employment, amongst other actions.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

(A)     Award Plaintiff injunctive relief, declaratory relief, and compensatory damages including but not limited to pain and suffering, past economic loss, future economic loss, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B)     Award reasonable costs and attorney's fees;

(C)     Award punitive damages;

(D) Grant any other relief that this Court deems just and proper under the circumstances.

## COUNT NINE
## SEXUAL HARASSMENT
## (TITLE VII)

56. Plaintiff incorporates by reference all proceeding paragraphs.

57. Defendants, Sheriff Williams & Inspector Washington, sexually harassed Plaintiff as described herein.

58. Defendants' actions violate 42 U.S.C. § 2000(e), Title VII et. seq.

59. Plaintiff has been damaged by Defendants' wrongdoing.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

(A) award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B) award reasonable costs and attorney's fees;

(C) award punitive damages;

(D) grant any other relief that this court deems just and proper under the circumstance.

## COUNT TEN
## RETALIATION
## (TITLE VII)

60. Plaintiff incorporates by reference all proceeding paragraphs.

61. Defendants retaliated against Plaintiff because of her complaints made to the to the EEOC, EEOC, Ethics Department, and City Controller by denying her application for permeant employment, amongst other actions.

62. Defendant's actions violate 42 U.S.C. § 2000(e), Title VII et. seq.

63. Plaintiff has been damaged by Defendants' wrongdoing.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

(A) award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, loss of promotional opportunity, benefits, and other damages;

(B) award reasonable costs and attorney's fees;

(C) award punitive damages;

(D) grant any other relief that this court deems just and proper under the circumstance.

## COUNT ELEVEN
## HOSTILE WORK ENVIRONMENT
## (TITLE VII)

64. Plaintiff incorporates the preceding paragraphs of this Complaint as if the same were set forth herein at length.

65. Defendants caused there to be a hostile work environment due to the severe and pervasive sexual harassment its supervisors subjected Plaintiff to.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $100,000.00 plus interest, costs, attorney's fees and punitive damages.

Date: October 5, 2017

Respectfully submitted,

ZEFF LAW FIRM, LLC

_____
*Gregg L. Zeff, Esquire*
*Attorneys for Plaintiff*